## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARIANNA BONINI AND CHRISTA RODRIGUEZ, Individually, and on Behalf of All Others Similarly Situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:16-cv-335 |
| | ) |
| MANHATTAN NUVO, LLC, D/B/A LE REVE RESTAURANT & LOUNGE, JOUSEPH SHENOUDA, and ADAM ATTIA | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## COLLECTIVE AND CLASS ACTION COMPLAINT

NOW COME the Plaintiffs, Darianna Bonini and Christa Rodriguez,  on behalf of themselves and all others similarly situated, by and through their undersigned attorneys, and for their Collective and Class Action Complaint against Defendants Manhattan Nuvo, LLC, d/b/a Le Reve Restaurant & Lounge, Jouseph Shenouda and Adam Attia, individually, state as follows:

## PRELIMINARY STATEMENT

Plaintiffs, through their undersigned counsel, bring this Collective and Class Action Complaint, individually and on behalf of all other similarly situated employees (hereinafter "Plaintiffs") to recover damages for violations of federal and New York law governing minimum wages and overtime, and to enjoin the Defendants from ongoing and future violations of these laws. The Plaintiffs and other similarly situated employees worked as Servers and Hostesses at an establishment doing business as Le Reve, owned and operated by the Defendants in New York, New York.

As described herein, Defendants failed to pay Plaintiffs minimum wages and overtime wages as required under federal and New York law.

Due to Defendants' continuing violations of federal and state law, Plaintiffs are entitled to: (1) unpaid minimum wages for hours for which they were paid less than the minimum wage; (2) unpaid overtime wages for hours for which they were paid at a rate less than one and a half times the minimum wage; (3) damages for requiring Plaintiffs to participate in an illegal tip pool;  (4) liquidated damages and all other remedies prescribed by the FLSA and the New York law; (5) injunctive relief to enjoin the Defendants from future violations of federal and state law; and, (6) attorneys' fees and costs as provided by statute.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.      This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

3.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

4.      Plaintiff Darianna Bonini resides in New York, New York and was employed by the Defendants as a Server, Hostess, and Coat Checker from July 2014 until March 2015.

5.      Plaintiff Krista Rodriguez resides in New York, New York and was employed by the Defendants as a Hostess and Office Manager from March 2014 until May 2015.

2

6.       Copies of Plaintiffs' opt-in consent forms are attached hereto as Group Exhibit A.

**Defendants**

7.       Defendant Manhattan Nuvo, LLC, d/b/a Le Reve is a corporation duly organized and existing under New York law.

8.       Defendant Manhattan Nuvo, LLC, d/b/a Le Reve operates establishment doing business under the names "Le Reve" at 125 East 54th Street, New York, NY.

9.       Upon information and belief, Defendant **JOUSEPH SHENOUDA** is involved in the day-to-day business operation of Manhattan Nuvo, LLC, d/b/a Le Reve, and has authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.  As such, this individual is an "employer" within the meaning of 29 U.S.C. §203(d) of the FLSA.

10.       Upon information and belief, Defendant **ADAM ATTIA** is involved in the day-to-day business operation of Manhattan Nuvo, LLC, d/b/a Le Reve, and has authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.  As such, this individual is an "employer" within the meaning of 29 U.S.C. §203(d) of the FLSA.

11.       Upon information and belief, Le Reve is at present, and has been at all times relevant to the allegations in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that Le Reve: (i) has had employees engage in commerce or in the production of goods for commerce, and handles, sells or otherwise works on goods or materials that have been moved in or produced for commerce by any person; and, (ii) has and has

3

had an annual gross volume of sales of not less than $500,000.

## STATEMENT OF FACTS

12.     Plaintiffs have been employed as servers, host/hostesses, and/or coat checkers by Defendants beginning at various times as early as March 2014, as described in the above paragraphs.

13.     At all relevant times, the Fair Labor Standards Act, 29 U.S.C. §206 has required the Defendants to pay the Plaintiffs a minimum wage of $8.00 per hour.

14.     At all relevant times, the New York Minimum Wage Act, New York Labor Law §652, has required the Defendants to pay the Plaintiffs minimum wages of:

$7.15 from January 1, 2007 to July 23, 2009;

$7.25 from July 24, 2009 to December 30, 2013;

$8.00 from December 30, 2013 to December 31, 2014;

$8.75 from December 31, 2014 to December 30, 2014; and

$9.00 from December 31, 2015.

15.     Defendants paid Plaintiffs a sub-minimum hourly wages under the tip-credit provisions of the FLSA and New York Labor Law.  These provisions permit employers of tipped employees to pay wages of less than the minimum wage, provided employers comply with the other requirements of the tip-credit provisions.  The Defendants violated these requirements by requiring Plaintiffs to participate in an invalid tip pool, whereby Plaintiffs must pay a percentage of their tips or a specified amount to management.  As a result of Defendants' improper use of the tip credit provisions of the FLSA and New York Labor Law, Defendants paid Plaintiffs based on an incorrectly low rate of pay.

16.     The Defendants failed to notify the Plaintiffs of the existence and requirements

of federal and state laws relating to tip credits or tip allowances.

17.    The Defendants have not, as required by law, notified the Plaintiffs of their intention to pay them less than the full minimum wage on the basis of the applicable statutory and regulatory provisions relating to the tip credit and tip allowance.

18.    The Defendants have willfully paid Plaintiffs for their services and labor at hourly rates below the applicable minimum hourly wages, in violation of the FLSA and New York Minimum Wage Act.

19.    At all relevant times, both federal and state law has required the Defendants to pay Plaintiffs overtime wages at a wage rate of 1.5 times their regular rate for hours worked in excess of forty (40) hours a week.

20.    During many, if not all, weeks in which Plaintiffs were employed by the Defendants, the Plaintiffs worked in excess of forty (40) hours per week, but were not compensated for their overtime hours pursuant to the FLSA or New York Labor Law.

21.    The Defendants willfully paid Plaintiffs for their services and labor at a rate that is less than one and a half times the minimum wage, the minimum regular rate of pay to which Plaintiffs are entitled.

22.    Defendants knew or showed reckless disregard for the fact that its failure to pay Plaintiffs overtime compensation was in violation of the FLSA.

23.    Defendants improperly failed to pay Plaintiffs and class members all compensation rightfully due, including but not limited to, overtime pay, minimum wages and earned tips, amongst other things.

24.    Defendants failed to maintain accurate records for each employee, including Plaintiffs, of their hours actually worked as required by law.  *See* 29 C.F.R. §516.2 (a)(7).

5

25.     Defendants managed Plaintiffs' work, including the amount of overtime required to be worked, and dictated, controlled and ratified the wage and hour and all related employee compensation policies of Defendants at issue in this lawsuit.   Defendants' wage and hour practices and policies are uniform and disseminated by senior management. Defendants accepted all overtime and other work performed by Plaintiffs, accepted all benefits of that work and never warned or disciplined plaintiffs for working overtime.

26.     Defendants' actions were willful and not in good faith.

### FLSA COLLECTIVE ACTION ALLEGATONS

27.     Named Plaintiffs bring this case as a collective action on behalf of themselves and all other similarly-situated individuals pursuant to 29 U.S.C. §216(b) to recover unpaid wages, unpaid overtime compensation, liquidated damages, prejudgment interest, unlawfully withheld wages, statutory penalties, attorneys' fees and costs, and other damages owed.

28.     The FLSA allows employers to pay less than minimum wage to employees who receive tips.  29 U.S.C. § 203(m).  In doing so, an employer may take a "tip credit", which allows employers to include in their calculation of tipped employees' wages in an amount that an employee receives in tips.  *Id*.

29.     In order to apply a tip credit toward an employee's minimum wage under the FLSA, an employer must satisfy several conditions, including: (1) the employer must inform the employee that it will take a tip credit; and, (2) tipped employees must retain all the tips they receive, except those tips included in a valid tipping pool among employees who customarily and regularly receive tips.  *Id*.

30.     Defendants violated the FLSA by requiring Plaintiffs to participate in an invalid tip pool, whereby servers must pay a percentage of their tips or a specified amount to

6

management.  As a result of Defendants' improper use of the tip credit provisions of the FLSA, Defendants paid compensation to Plaintiffs based on an incorrectly low regular rate of pay.

31.     The FLSA requires employers to pay employees minimum wages for all hours worked.  29 U.S.C. §201, *et seq*.  The FLSA also requires employers to pay employees one and one half (1.5) times their regular rate for all hours worked over forty (40) per work week.  29 U.S.C. 207(a).

32.     Accordingly, Plaintiffs bring this collective action to recover unpaid regular and overtime wages under the FLSA.

33.     The proposed opt-in collective class of similarly-situated persons is defined as:

> All individuals who were employed by Defendants during the applicable statute of limitations period as servers, hosts, hostesses, coat checkers and other similarly-titled positions who were not properly paid minimum wage and/or worked overtime during any given week within that period and not properly paid overtime.

34.     This action is properly maintained as a collective action because the Named Plaintiffs are similarly situated to the members of the collective class with respect to job title, job description, training requirements, job duties, Defendants' failure to pay overtime hours, Defendants' failure to pay the applicable minimum hourly wage, being subjected to Defendants' invalid tip pool, as well as other wage and hour violations alleged in this Complaint.

35.     Plaintiffs request that the Court authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. §216(b), for the purpose of seeking unpaid wages, unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

36.     Plaintiffs estimate that there are more than 100 members of the collective class. The precise number of collective class members can be easily ascertained by using Defendants'

payroll and personnel records.  Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in Defendants' offices.

## CLASS ALLEGATIONS

37.    At all time relevant hereto, the New York Labor Law prohibited an employer from demanding that an employee relinquish any part of a gratuity received by that employee, from accepting any part of a gratuity received by an employee and/or from retaining any part of a gratuity for an employee or of any charge purporting to be a gratuity for an employee.  N.Y. Lab. Law §196-d.

38.    Throughout Plaintiffs' employment, Defendants demanded and accepted gratuities received by Plaintiffs and retained parts of gratuities intended for Plaintiffs and/or otherwise failed to forward to Plaintiffs gratuities the Plaintiffs were entitled to receive.  The sums demanded, accepted and/or retained by Defendants or of gratuities left for Plaintiffs were determined exclusively by Defendants.

39.    None of the gratuities initially left by customers for Plaintiffs which were demanded and/or accepted by Defendants constituted (a) an allowance from the minimum wage due Plaintiffs under Article 19 of the Labor Law permitted by law or regulation, (b) a practice in connection with a banquet or other special function where a fixed percentage of a patron's bill was added for gratuities as permitted by law or regulation, or (c) a sharing of tips by a waiter with a busboy or similar employee permitted by law or regulation.

40.    Named Plaintiffs bring claims for relief on their own and as a class action pursuant to Rule 23(a) and Rule 23(b).  The class is defined as:

> All individuals who were employed, or are currently employed, by one or more of the Defendants, their subsidiaries or affiliated companies, as servers, hosts, hostesses, coat checkers and other similarly-titled positions or any other similarly

titled position at any time during the six years preceding the filing of the instant action.

41.     This action is properly maintainable as a class action under Fed. R. Civ. P. 23 because:

      a.   The class is so numerous that joinder of all members is impracticable;

      b.   There are questions of law or fact that are common to the class;

      c.   The claims or defenses of the Named Plaintiffs are typical of the claims or defenses of the class; and,

      d.   The Named Plaintiffs will fairly and adequately protect the interests of the class.

### Numerosity

42.     On information and belief, the total number of putative class members consists of at least one hundred individuals.  The exact number of class members may be determined from Defendants' records.

### Commonality

43.     There are numerous and substantial questions of law and fact common to members of the state classes including, but not limited to, the following:

      a.   Whether Defendants failed to keep true and accurate time records for all hours worked by the class members;

      b.   Whether Defendants failed to compensate class members for all the work they required, encouraged or permitted class members to perform;

      c.   Whether Defendants compensated class members for their services and labor at an hourly rate below the applicable minimum hourly wage;

      d.   Whether Defendants failed to notify class members of the existence and requirements relating to tip credits and tip allowances;

9

e.   Whether Defendants improperly required class members to involuntarily engage in a tip pooling system that allocated tips pursuant to the discretion of the Defendants rather than determination by the recipients of the tips;

f.   Whether Defendants failed to pay class members all compensation rightfully owed, including but not limited to tips earned.

g.   Whether Defendants failed to compensate class members for all work performed in excess of 40 hours per work week with overtime premium wages;

h.   Whether Defendants failed to compensate class members all wages rightfully earned at the time of their regularly scheduled pay day; and,

i.   Whether the Defendants willfully failed to comply with state wage and hour laws.

50.   Plaintiffs anticipate that Defendants will raise defenses that are common to the class.

## Adequacy

51.   The Named Plaintiffs will fairly and adequately protect the interests of the class. They have retained experienced counsel who are competent in the prosecution of complex litigation and who have experience acting as class counsel specifically in wage and hour litigation.

## Typicality

52.   The claims asserted by the Named Plaintiffs are typical of the class members they seek to represent.  The Named Plaintiffs have the same interest and suffer from the same injuries as the class members.

53.   Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light

of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action pursuant to Rule 23.

## Common Questions of Law and Fact Predominate and a Class Action is Superior to Joinder of Claims or Individual Lawsuits

54.    The numerous common questions of law and fact set forth in the commonality discussion above predominate over individual questions because Defendants' alleged underlying activities and impact of their policies and practices affected class members in the same manner. All class members sustained similar losses, injuries, and damages arising out of the same unlawful policies, practices and procedures.

55.    A class action is superior to other available means for the fair and efficient adjudication of this controversy because the individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expenses if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests.

## COUNT I

## Minimum Wages Under the Fair Labor Standards Act

56.     Plaintiffs repeat and reallege all the allegations in the above paragraphs.

57.     At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the FLSA, specifically 29 U.S.C. § 203.

58.     At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce, or were employed by an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

59.     Defendants failed to pay Plaintiffs the applicable minimum hourly wage, in violation of 29 U.S.C. §206(a).  As a result of Defendants' unlawful practices, Plaintiffs suffered a loss of wages.

60.     Defendants were not entitled to reduce the minimum wage by applying the tip credit allowance that is available under the FLSA, 29 U.S.C. § 203(m), and supporting federal regulations, including but not limited to 29 C.F.R. § 531.50 *et seq*., because Defendants did not inform Plaintiffs of these provisions and did not permit Plaintiffs to retain all tips they received, in violation of the FLSA, 29 U.S.C. § 203(m).

61.     Upon information and belief, Defendants unlawfully retained portions of the tips received by Plaintiffs in violation of the FLSA, 29 U.S.C. § 203(m), and supporting regulations.

62.     Throughout the limitations period covered by these claims, Defendants knowingly failed to pay Plaintiffs the applicable minimum wage for each hour worked.

63.     Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of the FLSA.

64.     Plaintiffs seek damages in the amount of their respective unpaid compensation, liquidated damages, attorney's fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## COUNT II

### Minimum Wages Under New York Labor Law

65.     Plaintiffs repeat and reallege all the allegations in the above paragraphs.

66.     At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

67.     Defendants willfully failed to pay Plaintiffs at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law §652.  As a result of Defendants' unlawful practices, Plaintiffs suffered a loss of wages.

68.     Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages, liquidated damages,  as well as reasonable attorneys' fees and costs of the action, including interest.

## COUNT III

### Overtime Wages Under the Fair Labor Standards Act

69.     Plaintiffs repeat and reallege all the allegations in the above paragraphs.

70.     At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the FLSA, specifically 29 U.S.C. § 203.

71.     During many, if not all, weeks in which Plaintiffs were employed by the Defendants, the Plaintiffs worked in excess of forty (40) hours per week, but were not compensated for their overtime hours.

13

72.     Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty per week at a wage rate of 1.5 times the minimum wage, the minimum regular rate of pay to which plaintiffs were entitled under 29 U.S.C. § 206(a), in violation of 29 U.S.C. § 207(a)(1).  As a result of Defendants' unlawful practices, Plaintiffs suffered a loss of wages.

73.     Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 216(b).

## COUNT IV

### Overtime Wages Under New York Labor Law

74.     Plaintiffs repeat and reallege all the allegations in the above paragraphs.

75.     At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

76.     During many, if not all, weeks in which Plaintiffs were employed by the Defendants, the Plaintiffs worked in excess of forty (40) hours per week, but were not compensated for their overtime hours.

77.     Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty per week at a wage rate of 1.5 times the minimum wage, the minimum regular rate to which plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.  As a result of Defendants' unlawful practices, Plaintiffs suffered a loss of wages.

78.     Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, their unpaid overtime wages, liquidated damaes, as well as reasonable attorneys' fees and costs of the action, including interest.


## COUNT V

### Illegal Deductions From Gratuities Under New York Labor Law


79.     Plaintiffs repeat and reallege all the allegations in the above paragraphs.

80.     At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the FLSA, specifically 29 U.S.C. § 203.

81.     Defendants controlled the tip collection and distribution process in violation of New York Labor Law § 196-d.

82.     Defendants unlawfully demanded or accepted part of the gratuities received by and/or intended for Plaintiffs in violation of New York Labor Law § 196-d and supporting regulations.

83.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered and will continue to suffer lost wages and other damages.

84.     As a result of Defendants' violation of New York  Labor Law, Plaintiffs are entitled to recover their unpaid wages, prejudgment interest, liquidated damages and reasonable attorneys' fees and costs of this action.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs respectfully request that judgment be granted:

a.   Certifying this action as a collective action pursuant to 29 U.S.C. §216(b);

b.   Ordering Defendants to file with this Court and furnish to counsel a list of all names, addresses telephone numbers, and email addresses of all servers, host/hostesses, and coat checkers who were employed by the Defendants during the past six (6) years, authorizing Plaintiffs' counsel to issue notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were not properly paid minimum wage and/or worked hours in excess of forty (40) hours of week during the liability period, but were not paid overtime as required by the FLSA or New York Labor Laws;

c.   Certifying a class of employees under Rule 23 in the state of New York;

d.   Appointing Plaintiffs' counsel herein as counsel for the Plaintiffs;

e.   Declaring Defendants' conduct complained of herein to be in violation of the Plaintiffs' rights under the FLSA, New York Minimum Wage Act, and New York Labor Law and its regulations;

f.   Awarding Plaintiffs unpaid minimum wages due under the FLSA, the New York Minimum Wage Act, the New York Labor Law and its regulations;

g.   Awarding Plaintiffs unpaid overtime wages due under the FLSA and the New York Labor Law and its regulations;

h.   Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. § 216 and the New York Labor Law;

i.   Awarding Plaintiffs pre and post-judgment interest as allowed by law;

      j.   Awarding Plaintiffs the costs of this action, together with reasonable attorneys' fees, and such other and further relief as this Court deems necessary and proper;

      k.   Enjoining Defendants against future violations of the FLSA and New York State Labor law;

      l.   Providing additional general and equitable relief to which Plaintiffs may be entitled; and,

      m.  Granting such further relief as the Court deems just and equitable.


Dated: New York, New York
      January 15, 2016


                Respectfully Submitted,

                James F. Woods, Esq.
                Woods Lonergan & Read PLLC
                280 Madison Avenue, Suite 300
                New York, NY  10016
                Phone: (212) 684-2500
                Fax: (212) 684-2512
                E-mail: jwoods@wlesq.com


                /s/ Erik H. Langeland
                Erik H. Langeland
                733 3rd Avenue, 15 Floor
                New York, NY 10017
                (212) 354-6270
                (212) 898-9086 fax
                elangeland@langelandlaw.com

                ATTORNEYS FOR PLAINTIFFS